NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYNTHIA S. WILLS, | No. 25-720 |
| Plaintiff - Appellant, | D.C. No. 3:21-cv-01998-EMC |
| v. | |
| CITY OF MONTEREY; MONTEREY POLICE DEPARTMENT; MONTEREY HARBOR PATROL; MONTAGE HEALTH, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted July 15, 2026[**]

Before: McKEOWN, OWENS, and LEE, Circuit Judges.

Cynthia Wills appeals the district court's grant of judgment on the pleadings

for the City of Monterey. She challenges the judgment as a matter of law and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

various procedural decisions.  The parties are familiar with the facts, and we do not recite them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a dismissal on the pleadings pursuant to Rule 12(c). *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021).  We review for abuse of discretion the denial of leave to amend after a responsive pleading has been filed, *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002), and the district court's decisions regarding its local rules, *Easley v. Collection Serv. of Nevada*, 910 F.3d 1286, 1289 (9th Cir. 2018).  A clear-abuse-of-discretion standard governs our review of a district court's decision to grant a continuance. *Bearchild v. Cobban*, 947 F.3d 1130, 1138 (9th Cir. 2020).

As the district court correctly explained, the Supreme Court's decision in *City of Grants Pass v. Johnson* foreclosed Wills's claim under the Eighth Amendment's Cruel and Unusual Punishment Clause.  603 U.S. 520 (2024).  Per *Grants Pass*, enforcing generally applicable anti-camping ordinances against unhoused individuals is not cruel and unusual punishment.  The City of Monterrey's ordinances are, similarly, laws that apply regardless of whether the criminalized conduct is undertaken by, for example, a homeless individual, a backpacker, or a protesting student.  *See id.* at 546–47.  After the pronouncement of *Grants Pass*, which abrogated *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), the district court correctly dismissed Wills's cruel-and-unusual-punishment

claim. *See Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 312 (1994) ("[O]nce the [Supreme] Court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law."). That the motion for judgment on the pleadings came years into the litigation and months before trial does not alter the district court's duty to apply *Grants Pass*.

After dismissing Wills's claim under the Eighth Amendment's Cruel and Unusual Punishment Clause, the district court did not abuse its discretion in denying her leave to amend to add a claim under the Excessive Fines Clause because amendment would have been "futile." *Flowers*, 295 F.3d at 976. There is no evidence in the record that Wills was ever actually fined under the challenged ordinances. Her alleged injury is too speculative because no actual fine has been imposed, nor is imposition of a fine "certainly impending." *Thomas v. County of Humboldt*, 124 F.4th 1179, 1187 (9th Cir. 2024) (quoting *18 Unnamed John Smith Prisoners v. Meese*, 871 F.2d 881, 883 (9th Cir. 1989)).

Wills's procedural arguments also lack merit. The district court did not abuse its discretion by requiring the parties to participate in its alternative dispute resolution ("ADR") process. We afford "great deference" to a district court's implementation of local rules because "a court that creates a rule is in the best position to apply it to the circumstances of particular cases." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1157 (9th Cir. 2018). The court reasonably

implemented its ADR local rules, including the timeline upon which the ADR process was undertaken in Wills's case, during the COVID-19 pandemic. The district court acted within its discretion when it denied Wills's motion to exclude the case from the ADR process. Subsequently, Wills did not object to the appointed mediator, the reassignment of the case to a new mediator, or the docketed certifications that the mediation process was ongoing. She thus forfeited objections to the mediation process's length and the mediator's identity.

No clear abuse of discretion occurred when the district court granted the City's motion to continue trial. Wills cannot show any prejudice that arose from the continuance. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (explaining that a showing of prejudice is required to find that a district court abused its discretion in ruling on a trial continuance motion). Granting the continuance in order to enable testimony by the City's police chief, anticipated to be one of the trial's key witnesses, was neither "arbitrary" nor "unreasonable." *Bearchild*, 947 F.3d at 1138 (quoting *United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010)).

Each party shall bear its own costs on appeal.

**AFFIRMED.**